**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000648
20-FEB-2013
08:39 AM**

NO. CAAP-12-0000648

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ESTATE OF ETHEL CAMACHO, Deceased

_____

IN THE MATTER OF THE ETHEL CAMACHO
LIVING TRUST DATED MARCH 3, 2008

_____

NEPHI DANIEL IOANE CAMACHO, Petitioner-Appellee, v.
BEVERLY J. CALKOVSKY, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 08-1-0192)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over the appeal that Respondent-Appellant Beverly J.

Calkovsky (Appellant Calkovsky) has asserted from the Honorable

Patrick W. Border's June 21, 2012 "Final Judgement on Nephi

Daniel Ioane Camacho's Motion for Attorneys' Fees and Costs for

His 'Good Faith' Defense of the Last Will and Testament of Ethel

Camacho Dated November 2, 1998" (the June 21, 2012 award of

attorneys' fees and costs), because it is not independently appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 34(a) of the Hawaiʻi Probate Rules (HPR), and Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP). HRS § 641-1(a) expressly authorizes appeals from civil circuit court final judgments, orders, or decrees.  Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court."  HRS § 641-1(c).  The relevant rule of the probate court, HPR Rule 34(a), requires the probate court to reduce orders to a separate judgment as a prerequisite for appealability:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment.  All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court.  Such judgments shall be final and immediately appealable as provided by statute.  <u>Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure</u>.
>
> (b) Interlocutory Orders.  In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawaiʻi Revised Statutes.
>
> (c) Final Judgment Closing Proceeding.  At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals.  Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawaiʻi Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphasis added).  HPR "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, <u>see</u>, <u>e.g.</u>, <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Haw. 115, 869

P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Commentary to HPR Rule 34 in Michie's Court Rules (2013). Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. For example, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005). Furthermore, whenever HRCP Rule 54(b) certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339.

Although Appellant Calkovsky purports to be appealing

from the June 21, 2012 award of attorneys' fees and costs, the Supreme Court of Hawai'i has explained that "such an order is not a final decision with respect to a claim for relief." Fujimoto v. Au, 95 Hawai'i 116, 136 n.16, 19 P.3d 699, 719 n.16 (2001) (citation and internal quotation marks omitted). Consequently, "[a] circuit court's order awarding attorneys' fees and costs may not be certified as a final judgment, pursuant to HRCP Rule 54(b), because such an order is not a final decision with respect to a claim for relief." Id. (citation and internal quotation marks omitted). "The entry of judgment and taxation of costs are separate legal acts." CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). "Absent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawai'i at 123, 19 P.3d at 706; CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i at 306, 22 P.3d at 102 ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them."). Therefore, the June 21, 2012 award of attorneys' fees and costs in this case is not eligible for appellate review unless it relates to an appealable final judgment on the substantive claims.

The judgement on the claims to which the June 21, 2012 award of attorneys' fees and costs relates is the Honorable

-4-

Patrick W. Border's April 2, 2012 judgment in the consolidated cases of Probate No. 08-1-0192 and Trust No. 08-1-0094. Although the circuit court (rather than the probate court) entered the April 2, 2012 judgment, HPR Rule 20(f) provides that whenever a probate court assigns a contested matter to the circuit court civil calendar, "[a]n order resolving the issues in a contested matter shall be reduced to judgment in accordance with Rule 34 of these rules and may be appealed as provided therein." Despite that the circuit court entered a December 5, 2011 order consolidating Probate No. 08-1-0192 and Trust No. 08-1-0094 under Probate No. 08-1-0192, the April 2, 2012 judgment does not, on its face, either expressly resolve all claims from both of the consolidated cases or contain the finding necessary for HRCP Rule 54(b) certification, when, under the separate document rule, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawaiʻi at 13, 122 P.3d at 808. More importantly, however, the April 2, 2012 judgment did not finally end all of the proceedings in Probate No. 08-1-0192, which appear to be ongoing, and, thus, under the requirements for an appealable HPR Rule 34 judgment, the April 2, 2012 judgment would be appealable only if it were "certified for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure." HPR Rule 34(a). As already stated, the April 2, 2012 judgment does not contain the express finding necessary for HRCP Rule 54(b) certification.

Neither the April 2, 2012 judgment nor the June 21, 2012 award of attorneys' fees and costs is eligible for appellate review under HRS § 641-1(a) and HPR Rule 34(a). Absent an appealable final judgment or a judgment properly certified under HRCP Rule 54(b), we lack appellate jurisdiction over this case and Appellant Calkovsky's appeal is premature. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000648 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 20, 2013.

Chief Judge

Associate Judge

Associate Judge